In the Matter of the Application of W. PARKER SEDGWICK, Respondent, for a Writ of Habeas Corpus to Bring up the Bodies of WILLIAM PARKER SEDGWICK, 3d, and RUTH JOY SEDGWICK, Infants.

RUTH WOODBURY SEDGWICK, Appellant.

Habeas corpus — appeal from order holding that court had jurisdiction and adjudging respondent in habeas corpus proceedings guilty of contempt — appeal dismissed on ground that appellant is still in contempt — order was not ex parte — procedure was irregular under Civil Practice Act, § 1248.

An appeal from an order granted in habeas corpus proceedings which was made after the respondent in the proceedings appeared specially by counsel and argued that the court was without jurisdiction, and which held that the court

had jurisdiction and that the respondent therein was guilty of contempt in failing to produce the children of herself and the petitioner, is dismissed on the ground that she is still in contempt; she cannot be heard to appeal from an order made in the proceedings under such circumstances.

The order cannot be considered an *ex parte* order because it assumes to overrule objections to jurisdiction.

The procedure in this case, whereby the respondent in the habeas corpus proceedings was permitted to appear specially and argue against the jurisdiction of the court while she was in contempt of court because of her failure to appear and produce the children of herself and the petitioner, was irregular and did not conform to section 1248 of the Civil Practice Act.

APPEAL by Ruth Woodbury Sedgwick from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of August, 1924, adjudging her in contempt of court in failing to obey the command of a writ of habeas corpus.

*Wills & Wardell* [*Margaret M. Wardell* of counsel], for the appellant.

*Pellet, Fay & Rubin* [*William W. Pellet* of counsel], for the respondent.

SMITH, J.:

The appellant and one W. Parker Sedgwick were husband and wife. The appellant had possession of their two children. The petitioner obtained a writ of habeas corpus commanding the appellant to produce the children to determine the right to their custody. That writ of habeas corpus was served upon the appellant while she had the custody of the children within the State of New York, and was returnable at a later date. Upon the return day the appellant did not appear, but counsel appeared for her specially, arguing that the court was without jurisdiction. This argument was had upon two separate occasions, neither the appellant nor the children appearing in the State of New York upon those two days, but the appellant being represented by special counsel who appeared specially for that purpose. After argument of counsel upon the question of jurisdiction to issue the writ, the court determined that it had jurisdiction and adjudged the appellant guilty of contempt in failing to produce the children in accordance with the command contained in the writ of habeas corpus, but determined that she might purge herself of such contempt by producing such children. She has appealed from this order.

That she was in contempt in failing to produce said children appears *prima facie* from the fact of her not appearing herself and not having the children before the judge who issued the writ. While she is thus in contempt, she should not be heard to appeal

from an order made in the proceedings, and for that reason the appeal should be dismissed.

It can hardly be held that the order was an *ex parte* order, because the order assumes to overrule objections to jurisdiction which were made by attorneys appearing for the appellant.

While the court should refuse to hear this appeal while appellant is thus defying the writ, for the guidance of the parties it may be well to say that the practice is entirely irregular. The practice was regulated in the Code of Civil Procedure by section 2028, and the same provision is carried into section 1248 of the Civil Practice Act.

The appeal should be dismissed, without costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Appeal dismissed, without costs.